SAVEDRA W. TAYLOR *v.* WILLIAM RHODES, JOHN KENNEDY, AND SAUL BISHOP.

*Trover on an officer's receipt for property attached.*

In an action of trover on officer's receipt for property attached, *it was held,* that the expression, " we being receiptors," in a written admission of a demand and refusal to deliver the goods in controversy, was evidence only of the fact, that a receipt had been given.

And it was also held, that the plaintiff's right of action must depend upon the tenor of the receipt.

TROVER on an officer's receipt for property attached on a writ. Plea, the general issue, and trial by jury.

On trial, the plaintiff among other things, claimed that he attached the property in question, as sheriff, on a writ in favor of Abbey & Freeman, against said Rhodes and Kennedy, two of the defendants; and that said property was receipted by the said defendants, and by Bishop, the other defendant, in the usual way in such cases; all which was denied by the defendants.

The plaintiff offered in evidence the original writ, the officer's return thereon of attachment, with proof of a judgment in favor of said Abbey & Freeman in that suit, and that execution was duly and seasonably issued and delivered to the plaintiff, as such sheriff, to charge the property attached.

The plaintiff also offered in evidence the following written acknowledgement by defendants of a demand of the property, viz: " We the undersigned hereby acknowledge a demand upon us this "day by S. W. Taylor, Sheriff, who holds this execution for col-"lection, for the list of property certified by D. B. Buckley, Clerk, " as the same property attached on the original writ; (and we be-"ing the receiptors thereof to the said Taylor,) and we refuse to "deliver the same to him."

(Signed)                    W. RHODES, JR.
                           JOHN KENNEDY,
                           S. BISHOP.

Richmond, March 9, 1851.

The signatures to the same were admitted.

The court found upon the affidavit of the plaintiff the loss of the receipt; and under objection by the defendants, admitted said

XXVI        5

written acknowledgement to be read in evidence to the jury, not only as evidence of the demand of the property and refusal of defendants to deliver it, but *also as evidence tending to show the contents of the receipt and its execution and delivery* by the defendants.

The defendants then offered evidence tending to prove, that at the time the plaintiff demanded the property, and defendants signed said admission, the receipt was not present, and that the plaintiff represented to defendants that he had there ceipt at home in Burlington. That defendants signed said admission solely upon plaintiff's representation that he had such receipt, and without any other knowledge or recollection that they had executed such receipt or any receipt for the property in question, and so informed the plaintiff at the time of signing said acknowledgement.

This suit was commenced and entered in court, March Term 1852.

The court, September Term, 1853—PECK, J. presiding—charged the jury, among other things not excepted to by defendants, that said written acknowledgement tended to show the execution and delivery, by the defendants to the plaintiff, of a receipt for the property in question in the usual form of receipts for property attached. The jury returned a verdict for the plaintiff.

To that portion of the charge above detailed the defendants excepted, and also to the foregoing decisions of the court.

*Maynard & Mead* for defendants.

When the loss of the instrument is properly proved, the secondary evidence of the contents should be direct and positive, and not circumstantial and vague, leaving it for the jury to guess at its contents.

The written admission does not tend to show the contents of the receipt, but simply, and at most to show the *existence* of a receipt. The court left it to the jury to infer from this what the tenor and *effect*, as well as the contents were.

The effect is a question of law, the contents a question of fact.

If the evidence is not disputed, the effect is a matter of law, which the court submitted to the jury. Now this admission either *ex vi termini* proves the contents, or proves nothing to be submitted to the jury.

The court instructed the jury, that from this they might find not only the contents of the receipt, but its execution and delivery as

well as a demand and refusal, and that the receipt was in common form.

No evidence of what the common form of a receipt is, was introduced.

What is the common form of a receipt?

Some are to return the property on demand, some to return it to the officer holding the execution, and others in the alternative to return the property or pay the judgment.

*Geo. F. Edmunds* for plaintiff.

1. The plaintiff was entitled to recover upon the evidence aside from his own testimony. The admission of the defendants that they were "receiptors," must be referred to any legal mode by which that relation could exist. It will not be contended that a written receipt was necessary to that relation. If they received the property from the plaintiff by parole bailment, they were receiptors.

2. The admission of the defendants that they were receiptors, was not secondary evidence, even if it supposed the evidence of a written receipt. Phil. Ev. 226–7–8–9. 2 Cowen & Hill's notes 540, 556. *Earl* v. *Picken*, 5 C. & P. 542. *Newhall* v. *Holt*, 6 M. & W. 662. 1 H. & W. 18.

3. The defendants' admission being in writing was of as high a grade of evidence as the receipt itself. There is no reason or authority for saying that one of two *original* writings, concerning the same subject is inferior in kind to the other.

The opinion of the court was delivered by

BENNETT, J. The written admission of the defendants was received under objection; and the court charged the jury, that it tended to prove that the defendants gave a receipt for the property attached *in the usual form.* We think that the expression in it, " we being receiptors," can only be evidence of the fact recited, that is, that a receipt was given.

The case shows, the only evidence to prove the giving of a receipt, was the written admisson *of its contents.* There was no evidence of a usage among officers to take receipts for property attached in any particular form, if such evidence would have been admissable, and no attempt to show what was the usual form, and most clearly the court and jury cannot take judicial notice of what

might be the usual form of officers' receipts, if there was any such.

The plaintiff's right of action must depend upon the tenor of the receipt, and of course it is important to the rights of the parties. We think the judgment of the county court, for the reasons assigned, must be reversed. We have no occasion to pass on any other question.

Judgment reversed.